# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| CHAKAKHAN R. DAVIS | PLAINTIFF |
| V. | CAUSE NO. 3:14-CV-375-HTW-LRA |
| WAL-MART STORES, EAST LP and JOHN DOES 1-5 | DEFENDANTS |

## ORDER

Before the Court are the following motions filed by the plaintiff, Chakakhan R. Davis (herein referred to as "Plaintiff"): Plaintiff's *Motion for Prospective Relief of the Undersigned's Order Entered on March 28, 2016* **[Docket no. 133]**; Plaintiff's *Motion for Default Judgment* **[Docket no. 133]**; and Plaintiff's *Motion for Expedited Consideration of Plaintiff's Motion for Prospective Relief of the Undersigned's Order in Part* **[Docket no. 141].** This Court, after considering the allegations, arguments, and applicable law, denies each of Plaintiff's motions.

## I.  INTRODUCTION

Plaintiff, by way of her motions, asks this Court to set aside its "Order Entered on March 28, 2016". Plaintiff further demands that the undersigned, United States District Court Judge Henry T. Wingate, recuse himself from this matter. In the subject Order, this Court denied Plaintiff's motion to amend her application to proceed *in forma pauperis* [*See* Docket no. 115]. The Order further directed that Plaintiff's entire action be dismissed with prejudice [*Id*]. This Court found that Plaintiff was dishonest on her application to proceed without prepaying fees and costs, and based its decision to dismiss Plaintiff's lawsuit in accordance with Title 28 U.S.C. § 1915 (e)(2)(A)[1].

---

[1] Title 28 U.S.C.A. § 1915 **(a)** (**2**) states: Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
**(A)** the allegation of poverty is untrue..

As verified by the title of Plaintiff's motion for prospective relief, Plaintiff waited well-over two (2) years to seek relief from this Court's judgment dismissing Plaintiff's claims with prejudice. In the interim, Plaintiff pursued an appeal of this dismissal to the United States Court of Appeals for the Fifth Circuit and ultimately the United States Supreme Court. Plaintiff returns to this Court after failing in her appellate efforts, alleging fraud upon the court pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure[2].

This Court notes that Plaintiff presents no facts or legal authority in support of her motion for default judgment; instead, Plaintiff simply asserts, "[j]udgment by default are [sic] warranted to preserve the appearance of justice since the inevitable prejudice caused by Opposing Counsels fraudulent bribery scheme actions of Judge Henry T. Wingate and Ms. Twana Summers… substantially impairs the integrity of the court and its ability to function impartially…" [Docket no. 113, p. 13].

## II. DISCUSSION

This Court previously has discussed this lawsuit's factual background, namely an alleged "trip-and fall" accident, at a Wal-Mart located in Jackson, Mississippi [*See* Docket no. 115]. This Court also has established that it exercises diversity of citizenship subject matter jurisdiction over this litigation pursuant to Title 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States[.]"

---

[2] Fed. R. Civ. P. Rule 60(d)(3) grants a court the authority to "set aside a judgement for fraud on the court."

The issue before the Court now is whether Plaintiff has any evidence to substantiate her allegations that the undersigned, his former courtroom deputy, Ms. Twana Summers, and counsel for defendant Wal-Mart, Leo J. Carmody, Jr., individually and collectively, perpetrated any fraud upon this Court.

"Fraud upon the court" is reserved for only the most egregious misconduct and requires a showing of 'an unconscionable plan or scheme which is designated to improperly influence the court in its decision.'" *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). As defined, this egregious misconduct includes acts "such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated…" *Id.* at 1338 (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 332 U.S. 238, 64 S. Ct. 997, 88 L. Ed 1250(1944). A "narrow concept", fraud upon the court should "embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *John-Manville*, 873 F.2d at 872 (internal citations omitted). The party claiming relief under Rule 60(d)(3) must prove the requisite fraud upon the Court by clear and convincing evidence. See *Rozier*, 573 F.2d at 1338 ("one who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden to provide the assertion by clear and convincing evidence") (internal citations omitted). This Court notes that "[w]hether relief should be granted based on fraud on the court under Rule 60(d) is committed to the sound discretion of the district court, and district courts are given wide discretion in denying such motions." *Buck v. Thaler*, 452 Fed. Appx. 423, 431 (5th Cir. 2011) (internal citations omitted).

3

After considering all of the evidence presented, and conducting its own in-depth hearings[3], this Court determined that Plaintiff was financially able to pay the requisite fees and costs to the Clerk of Court; therefore, her request to proceed *in forma pauperis* was deemed frivolous and not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). "Congress has recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quotation marks and citation omitted). "We know of few more appropriate occasions for use of a court's discretion than one in which a litigant, asking that the public pay costs of his litigation, either carelessly or willfully and stubbornly endeavors to saddle the public with wholly uncalled-for expense." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1948) (quotation marks omitted).

This case was also dismissed, in part, because of this Court's observation that Plaintiff is a "recreational litigant" who has a history of frivolous, vexatious, and abusive litigation practices [*See* Docket no. 115]. For instance, this Court took note of Plaintiff's pending lawsuit alleging sexual harassment in this court, styled *Chakakhan Davis v. City of Vicksburg, et al* (Cause nos. 5:13-cv-00090-DCB-MTP; 3:13-cv-866), alleging that a judge of the Circuit Court of Warren County Mississippi made "numerous unwelcome sexual advances" while presiding over her lawsuit against Office Max.

---

[3] This Court held hearings and took testimony on the subject of Plaintiff's true finances and what she reported on her application for in forma pauperis status on July 30, 2015; August 3, 2015; August 4, 2015; and August 5, 2015.

This Court is persuaded that Plaintiff presents no credible evidence to support her allegation of fraud under Rule 60(d). Plaintiff makes broad accusations that opposing counsel "conspired" and "misrepresented" to "undermine the integrity of the IFP[4] Application Process". [Docket no. 139, p. 7]. Plaintiff further asserts that "this case also involves a fraud perpetrated by the officers of this court… Judge Henry T. Wingate, Ms. Twana Summer, et al. which amounts to bribery and a willful disregard of the truth." *Id.* Plaintiff, however, provides no basis for her allegations. Plaintiff points to alleged ex-parte communications between defense counsel and Twana Summers, which amount to conferences regarding scheduling, and which were disclosed to Plaintiff. See *Matter of Met-L-Wood Corp.*, 861 F.2d at 1018-1019 (holding that "technical violation" of ex parte contact rules relating to scheduling matters does not constitute fraud on court under Rule 60(d)(3)). Plaintiff further points to an alleged undescribed hand gesture by defense counsel towards Ms. Summers, but offers no explanation as to how this alleged hand gesture may constitute an attempt to bribe the Court or amount to the type of fraud normally associated with Rule 60(d)(3). See *Rozier*, 573 F.2d at 1338.

Plaintiff's assertions of fraud against the undersigned himself and this Court include accusations of: "dishonest statements," "fraudulent scheme actions," "abuse of process," and other "highly improper" actions, including "bribery and a willful disregard of the truth," and "deliberately adjudicate[ing] the IFP Applications in an incompetent, biased and unfair manner." [*See* Docket no. 144]. Once again, Plaintiff offers no evidence to corroborate her accusations, other than claiming "false and dishonest statements that were not made by [Plaintiff] during any of the IFP status hearings…" *Id.* Plaintiff further offers no support for her request for a default judgment; instead, she demands a default judgment in her favor to "preserve the appearance of

---

[4] In Forma Pauperis

justice" in the face of alleged "fraudulent bribery scheme actions." These blanket allegations of impropriety were rejected on appeal, and Plaintiff is now simply reasserting those allegations, over two years later, in an attempt to achieve a different result.  This Court is not inclined to grant her such baseless relief.

### III.   CONCLUSION

For the foregoing reasons, this Court denies Plaintiff's *Motion for Prospective Relief of the Undersigned's Order entered on March 28th, 2016* **[Docket no. 133]** and Plaintiff's Motion for Default Judgment **[Docket no. 133]**. This Court further denies Plaintiff's *Motion for Expedited Consideration of Plaintiff's Motion for Prospective Relief of the Undersigned's Order In Part* **[Docket no. 141],** seeking, in part, recusal of the undersigned from this matter.

**SO ORDERED AND ADJUDICATED**, this the 7th day of August, 2019.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE